FILED
SUPERIOR COURT
OF GUAM

2019 SEP -5 AM 11: 10

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

                   Plaintiff,

    v.

RICHMOND UNTAL ARCIAGA,
DOB: 08/21/1964 or 09/12/1964

                   Defendant.

Case No. CF0242-18

**DECISION & ORDER**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on July 31, 2019 for a restitution hearing. The People of Guam are represented by Assistant Attorney General Sean Brown and the Defendant Richmond Arciaga ("Defendant") is represented by Assistant Public Defender Rocky Kingree. After considering the testimony and filings of the parties, and the applicable law, the Court now issues its decision granting the People's Petition for Restitution.

## BACKGROUND

Defendant was indicted for the offenses of Criminal Mischief (as a Third Degree Felony) and Disorderly Conduct (as a Petty Misdemeanor). (Indictment, Apr 20, 2018). The Defendant subsequently pled guilty to the Second Charge of Disorderly Conduct (as a Petty Misdemeanor) pursuant to a plea agreement. (Minute Entry, May 7, 2019). Per the terms of the Defendant's plea, he agreed to be held liable to the victim, Jean Yosiwo Sablan ("Ms. Sablan"), for

restitution. (Plea Agreement at 3, May 7, 2019). On July 31, 2019 the Court held a Restitution hearing on the People's previously filed Amended Submission of Summary Report (Re: Restitution). (Minute Entry, Jul. 31, 2019). At the hearing, the Court heard testimony from Ms. Sablan and admitted various exhibits offered by the People into evidence. (Minute Entry, Jul. 31, 2019). The Court subsequently took the matter under advisement. *Id.*

## DISCUSSION

Guam's statutes provide that a person convicted of a crime may be ordered to pay restitution in the amount of:

> (d) Five Hundred Dollars ($500.00), when the conviction is of a petty misdemeanor;
> (e) Any higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue. For purposes of this Section, the term "gain" means the amount of money or the value of the property derived by the offender and the term "loss" means the amount of value separated from the victim;

8 GCA § 80.50. This means that the court may order the Defendant to pay restitution up to five hundred dollars without any specific findings, but must make findings for any higher amount, not to exceed double the loss of the victim or gain of the Defendant. *People v. Mallo*, 2008 Guam 23 ¶ 43. Here the People seek two thousand seven hundred twenty-seven dollars ($2,727.00) in restitution for the victim's losses, requiring the Court to make specific findings regarding those losses if it wishes to order restitution in that amount. *Id.*

As a preliminary matter we acknowledge that the Defendant, through his plea agreement, agreed to be held liable for full restitution, if any, to the victim. (Plea Agreement at 3). However, the People still bear the burden of proving losses by a preponderance of the evidence. *See United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008).

At the hearing, the victim testified regarding the extent of the damage to her property, her efforts to replace the damaged property, and submitted photographs and invoices in support of her claims. (Minute Entry, Jul. 31, 2019). Ms. Sablan testified that the Defendant had slashed all four of her tires and that she only had enough money on hand at the time to get used tire replacements, and was only seeking restitution for the cost of the used tires and installation. (Court Recording at 4:03:25-4:05:00, Jul. 31, 2019) (the cost of brand new tires would have exceeded one thousand dollars ($1000.00)); (Exhibits 1C and 1D, Jul. 31, 2019) (invoices for used tires and labor totaling two hundred eighty dollars ($280.00)). She also sought repairs for her personal laptop computer; however, the repair shop informed her that the laptop was beyond repair. (Court Recording at 4:00:00-4:02:00). The Court was provided with a quote for a used laptop computer with similar specifications for eight hundred and thirty-three dollars ($833.00) and Ms. Sablan stated an addition fifteen dollars ($15.00) would be needed to cover shipping and handling. *Id.*; (Exhibit 1E, Jul. 31, 2019). Finally, the Defendant provided photographs of a paddling board that her instructor had loaned her. (Court Recording at 4:02:00-4:03:25); (Exhibit 1F, Jul. 31, 2019). The photographs clearly show that the board has been snapped in half and rendered unusable. (Exhibit 1F). Ms. Sablan stated that she had attempted to locate a used board, but was only able to find one shop on Guam which could provide a comparable new replacement for one thousand five hundred ninety-nine dollars ($1,599.00). (Exhibit 1J, Jul. 31, 2019).

Based on the forgoing evidence, the Court finds that the victim's requested restitution is necessary to restore her losses resulting from the Defendant's criminal actions. The Court further finds that the victim has taken steps to mitigate the amount of restitution the Defendant

would be liable for. As such, the Court finds that the People have met their burden, and will award restitution to the victim accordingly.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the People's Petition for Restitution. It is hereby **ORDERED** that the Defendant pay restitution to the victim, Jean Yosiwo Sablan, in the amount of two thousand seven hundred twenty-seven dollars ($2,727.00). The Court will hold a further proceeding in this matter on November 20, 2019 at 3:00 p.m.

**IT IS SO ORDERED** on this 5th day of September, 2019.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

_____
Date: 9/5/19 Time: 11/5AM

Deputy Clerk, Superior Court of Guam